# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                    No. CR 04-1684 LH

JERRY ANTHONY TAFOYA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before the Court on Defendant Jerry A. Tafoya's motion to dismiss the indictment, filed February 8, 2005. The Court held a four-hour evidentiary hearing on Tafoya's motion to suppress on May 24, 2005, at which counsel made arguments on this motion as well. The primary issue is whether Tafoya is an "unlawful user" of a controlled substance within the meaning of 18 U.S.C. § 922(g)(3). Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, Tafoya's motion is denied.

## PROCEDURAL BACKGROUND

    A federal grand jury indicted Tafoya on a single count of possession of a firearm by an unlawful user of a controlled substance. He has moved to dismiss the indictment, arguing alternatively that he is not among the class of persons to which the statute applies or, if he is, that the statute is unconstitutionally vague.

## APPLICABLE LAW

**1.**     **Motion to Dismiss.**

Rule 12(b)(2) of the Federal Rules of Criminal Procedure allows a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). "Where a defendant challenges the sufficiency of an indictment for failure to state an offense, a court generally is bound by the factual allegations contained within the four corners of the indictment." United States v. Welch, 327 F.3d 1081, 1090 (10th Cir. 2003). "Courts should refrain from considering evidence outside the indictment when testing its legal sufficiency." United States v. Hall, 20 F.3d 1084, 1087 (10th Cir. 1994).

The United States Court of Appeals for the Tenth Circuit has upheld a district court's dismissal of charges at the pretrial stage based on evidence beyond the four corners of the indictment. See United States v. Brown, 925 F.2d 1301, 1304 (10th Cir. 1991); United States v. Wood, 6 F.3d 692, 695 (10th Cir. 1993). The Tenth Circuit explained these cases in United States v. Hall, stating:

> [W]e read Brown and Wood as authority which allows a district court to dismiss charges at the pretrial stage under the limited circumstances where the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case. Under this scenario, a pretrial dismissal is essentially a determination, that as a matter of law, the government is incapable of proving its case beyond a reasonable doubt. We note, however, that such a scenario is not likely to recur and we caution both the trial courts and counsel that the procedure here employed is indeed the rare exception.

20 F.3d at 1088.

**2.     18 U.S.C. § 922(g)(3).**

The statute in question reads:

It shall be unlawful for any person . . . who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)) . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(3).

Section 102 of the Controlled Substances Act defines "addict," but does not define "unlawful user." 21 U.S.C. § 802. The United States has alleged that Tafoya is an unlawful user of a controlled substance, not an addict. "[W]hatever the precise meaning of the phrase 'addicted to any controlled substance,' its meaning is distinct from the meaning of the phrase 'unlawful user of . . . any controlled substance.'" United States v. Bennett, 329 F.3d 769, 776 (10th Cir. 2003).

**3.    Vagueness.**

"A penal statute is void for vagueness if it . . . fails to define the criminal offense with sufficient definitiveness [so] that ordinary people can understand what conduct is prohibited . . . . Vagueness challenges not implicating the First Amendment must be examined in light of the facts of the case at hand." United States v. Easter, 981 F.2d 1549, 1557 (10th Cir. 1992)(internal quotation and citation omitted). See also United States v. Reed, 114 F.3d 1067, 1069-70 (10th Cir. 1997).

## ANALYSIS

Tafoya argues that there is no evidence that he was "an unlawful user" of a controlled substance, meaning he could not possibly be convicted. Even if that is true, however, that argument is properly asserted in a motion for judgment of acquittal *after* a jury trial. This Court is in no position to test the government's proof in a summary pre-trial proceeding. Tafoya's challenge is, after all, to the statute as applied, not on its face. See United States v. Easter, 981 F.2d at 1557-58. That is, Tafoya is challenging the constitutionality of the statute as applied to the facts of this case. The facts, however, have not yet been determined, and the determination of the facts is the province of the jury, not this Court.

The United States Court of Appeals for the Tenth Circuit has rejected the pre-trial evidentiary


hearing approach to deciding a defendant's motion to dismiss. See United States v. Reed, 114 F.3d at 1070. In reversing the district court, the Tenth Circuit wrote: "We hold that it was error to consider the challenge at the preliminary stage of the proceedings, as was done here." Id. A motion for judgment of acquittal at trial is the proper procedural vehicle for challenging the indictment. "We believe that, consistent with our views expressed herein, it is necessary that the evidence in the case be presented before the task of statutory construction can be properly completed." Id. at 1071.

The Court is bound by the factual allegations in the Indictment, and may only consider other facts when they are "undisputed and the government fails to object to the district court's consideration of those undisputed facts." United States v. Hall, 20 F.3d at 1088. Here, the United States not only objects to the district court's consideration of these facts, but asserts that a factual dispute exists as to some of these facts. See Transcript of Hearing at 128:13-21 (taken May 24, 2005); id. at 131:24 - 132:2.[1] Under Tenth Circuit law, the Court is not free to determine, like on a motion for summary judgment under the Federal Rules of Civil Procedure, whether a genuine issue of material fact exists. If the United States does not consent to a legal determination of the issue and consideration of facts outside the four corners of the Indictment, the Court should not proceed to decide the matter.

Because Tafoya's motion attacks the sufficiency of the Indictment based on facts not alleged in the Indictment, and because the United States objects to the consideration of those facts, this motion does not present the "rare exception" that Tenth Circuit precedent contemplates. The Court will therefore deny Tafoya's motion to dismiss.

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

**IT IS ORDERED** that the Defendant's motion to dismiss the indictment is **denied**.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney for the
  District of New Mexico
Roberto D. Ortega
  Assistant United States Attorney
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Roger A. Finzel
  Assistant Federal Public Defender
Albuquerque, New Mexico

   *Attorney for the Defendant*